[No. 578-1. Division One—Panel 1. March 22, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. THEODORE W. DUPUY, JR., *Appellant.*

*Moschetto & Alfieri* and *Michael R. Alfieri,* for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and *Byron H. Ward, Deputy,* for respondent.

WILLIAMS, J.—Defendant was convicted by a jury of attempted burglary of a hardware store in King County. His principal assignment of error on this appeal is that the evidence was insufficient to support the verdict.

Appellant and a companion were first observed standing at the corner of the store by a witness who was in a build-

ing across the street at a distance of about 160 feet. This was on Labor Day, September 1, 1969, at about 8:30 p.m. Appellant suddenly walked to a utility door of the hardware store and stood. Because the store was closed and it was a holiday, the witness left his point of observation, called the sheriff, and returned to watch. In the meantime, appellant had gone away from the door, for after the witness returned from making the telephone call, he saw appellant emerge from the alley adjacent to the store building, talk to his companion, and then walk to the door again. Appellant then raised his hands to the level of one of the two locks which were on the door "and it seemed like he was trying to pry something there." A deputy sheriff arrived within about 2 minutes of the call. Appellant then turned and, according to the witness, ran from the door a distance of about 15 feet before he was stopped by the deputy. The deputy testified that he "walked rapidly." The other party who had been standing at the corner ran off.

The officers called to investigate found that the interior of the upper lock had been removed and pieces of it were on the ground directly below the door. Although a search was made, no tool large enough to have caused the damage to the lock was found. Appellant's fingerprints were found on the door frame between the two locks which were well above the door knob.

Appellant's defense was that he had gone to the store to buy something and did not remove the lock. He called a locksmith who testified that it would take something along the line of a 12-inch pipe wrench to cause the damage which had been done to the lock.

■ An attempt to commit a crime consists of two elements: first, a criminal intent, and second, some sort of overt act. *State v. Nicholson,* 77 Wn.2d 415, 463 P.2d 633 (1969). Intent, being a state of mind, can be inferred by the jury from all of the facts or circumstances surrounding the act. *State v. Lewis,* 69 Wn.2d 120, 417 P.2d 618 (1966). We believe that there is substantial evidence from which

the jury could reasonably infer that appellant intended to burglarize the building.

The overt act, which is sometimes described as a direct, ineffectual one done toward commission of a crime, must coincide with the intent. *State v. Goddard*, 74 Wn.2d 848, 447 P.2d 180 (1968). Although there is no evidence in the instant case that appellant broke the lock, there is the testimony that he was tampering with it. Under the circumstances, this effort qualifies as an overt act. *State v. Nicholson, supra.*

The instructions to which appellant assigns error were properly given to the jury.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.